[Civ. No. 5115. Second Appellate District, Division One.—April 23, 1928.]

ELEANOR DESMOND, Respondent, v. STANDARD BOND & MORTGAGE CO. (a Corporation), Appellant.

C. E. McDowell for Appellant.

Eugene C. Campbell for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff purchased from defendant on March 3, 1920, a lot in the city of Long Beach, upon which there had just been constructed a small dwelling-house. Defendant was then engaged in the business of building and selling houses. Plaintiff moved into the house shortly after she purchased it and soon thereafter the floors buckled and settled and most of the plastering fell from

the walls. Finally she was compelled to move away from the house while repairs were being made. She alleged in her complaint that defendant represented to her before the purchase that the house had been constructed in a first-class manner, with first-class plastering and painting and with a first-class foundation, having underpinning posts not more than three feet apart. These representations she alleged were false and were made by defendant with intent to defraud her and in a manner not warranted by the information defendant had at the time. The trial court found plaintiff's allegations to be true and rendered judgment in plaintiff's favor for the sum of $1,000, the difference between the actual value of the property at the time of the purchase and the value which the premises would have had if the representations had been true.

Abundant evidence appears in the record to sustain the findings of the court. It was thoroughly established that there was an insufficient number of piers for the house to rest upon and that these had not been imbedded, but had been placed upon the surface of the ground. Rain-water had softened the soil and the foundations had sunk, thereby causing the floors to buckle and settle. The plastering was admitted to be so poor that replastering was necessary. Even the man who supervised the construction of the house testified that the plaster was not properly prepared and that it had not been mixed with hair. It would unnecessarily lengthen this opinion to enumerate the many serious defects in the construction of the house.

Defendant contends that the statements made to plaintiff concerning the construction of the dwelling were expressions of opinion only and were not false representations. The statements were made by one Neece, who sold the property as agent for defendant. Neece visited the house every day while it was being constructed and "O.K'd approximately all the bills." While the record shows that plaintiff did, during the course of her testimony, say that Neece had told her he thought the lumber was good and that the purchase of the property was a good investment, the record also discloses that Neece made a number of positive statements of facts which cannot be classified as mere opinions. Defendant cannot on appeal select that part of the evidence which does not support the findings and present it as a

basis for a request for a reversal of the judgment. It is the duty of this court to affirm the judgment if in the record there appears substantial evidence to sustain the findings. Plaintiff testified: "Mr. Neece said, 'The ground under this house is literally dotted with the underpinning.' And I asked him, 'How far apart?' and he said, 'About this far.' Just a bit wider than his own body. . . . Q. Did you ask him anything about the general construction of the house, or have any talk with him about the general construction of the house? A. Just what I said, describing the woodwork and the plaster and the painting and papering, were of A–1 workmanship. . . . He spoke then except for that one spot in the ceiling that the plaster and the woodwork and the finish and the flooring and all were A–1 workmanship and the best that could be had at that time." Miss Renius, who was assisting Neece in the sale of the house, said to plaintiff: "There is one thing that Neece & Wiseman have insisted upon, is a good foundation for those houses out there." The evidence clearly established that the ground under the house was far from dotted with underpinning. If the statement of Neece had been true there would have been several times as many piers under the house as were actually placed there. The court was justified in holding that the statements made by Neece amounted to statements of fact rather than mere expressions of opinion. In *French* v. *Freeman*, 191 Cal. 579 [217 Pac. 515], the court said: "What amounts to an expression of opinion as compared with a positive statement of fact depends upon all the circumstances of the case, and is a question for the trial court to determine. . . . The trial court here found that defendant stated, as a fact, that the soil was the finest sediment soil, and we are bound by that finding."

 No obligation rested upon plaintiff to investigate for the purpose of determining if the statements made by Neece were true. She was inexperienced in matters of this kind and had never constructed or purchased a house before. Defendant was engaged in the business of constructing and selling houses, and its agent, Neece, had visited the premises every day while the house was being erected. No circumstance was shown in evidence and nothing appeared from

her observation of the premises which put her on inquiry to make sure that the house had been properly built. In view of the positive statements of Neece on the subject of the foundation it cannot be said that it was plaintiff's duty to crawl under the house to count the underpinning posts.

In attempting to uphold its contention that the evidence is insufficient to support the findings on the subject of damages, defendant asserts that the actual value of the property at the time of the purchase was not shown. Mr. Neece testified that the value of the property would have been $5,000 at the time of the purchase if it had been constructed in a first-class manner. Another witness stated that the actual value of the premises six months later was $3,500 or $3,600, while a third witness testified that the property increased in value seven per cent during this period. Moreover, the court found upon sufficient evidence that plaintiff had expended the sum of $646.17 in making partial repairs to the house. It was established that to complete the repairs and put the premises in the condition as represented, plaintiff would have to expend an additional sum, which would bring the total to more than $1,000. The findings on the subject of damages are amply supported.

The trial court did not err in allowing interest on the sum which plaintiff had suffered as damages. Section 3288 of the Civil Code provides: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury." In Sutherland on Damages, section 354, this statement is found: "Money obtained wrongfully or by extortion or fraud is recoverable with interest from the time it is obtained."

Defendant contends that plaintiff "did not rely upon any statements made to her by or on behalf of the defendant, but upon her own investigation." The findings on the point are favorable to the plaintiff and are sustained, as is shown by the following testimony of plaintiff: "Q. By Mr. Campbell: Did he say it was A–1? A. Yes, A–1. Q. Well, did you believe his statement in reference to the construction of the house? A. Yes, I believed him. Q. Did you rely upon those statements when you purchased the house A. Yes, absolutely. Prior to this time I had had

no experience in the construction of. houses, and I had never bought a house before at all."

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.